UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIRSHIA RIVERA,

    Plaintiff,

v.                                             Case No: 8:24-cv-00221-NHA

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

The Defendant has moved without opposition to remand this case for further proceedings before the Social Security Administration. Doc. 16. The motion is granted.

Plaintiff seeks reversal of the Commissioner's decision that she is not disabled. Doc. 1. After a hearing, an Administrative Law Judge (ALJ) found that Plaintiff was not disabled, because, notwithstanding her severe impairments, she could perform work that exists in substantial numbers in the national economy. R. 13, 34–35.

Plaintiff argues that the ALJ erred in his analysis by finding that Plaintiff was 46 rather than 50 years old. Pl. Br. (Doc. 15) at 5. This error is not harmless, because the ALJ must consider age in determining a person's ability to adjust to other work, and an individual who has the ability to adjust

to other work is not disabled. 20 C.F.R. §§ 404.1563(a), 416.963(a). A 46-year-old is classified as "younger," while a 50-year-old is classified as "closely approaching advanced age." 20 C.F.R. §§ 404.1563(c)-(d); 416.963(c)-(d). The SSA generally does not consider that a "younger" claimant's age will seriously affect her ability to adjust to other work. 20 C.F.R. §§ 404.1563(c); 416.963(c). But, for a person "closely approaching advanced age," the SSA considers that the claimant's age, along with severe impairments and limited work experience, may seriously affect her ability to adjust to other work. 20 C.F.R. §§ 404.1563(d); 416.963(d).

After consulting with Plaintiff, Defendant filed an unopposed motion to remand the case for further administrative proceedings, including a de novo hearing. Doc. 16. Plaintiff does not oppose the motion. *Id.* p. 2.

Pursuant to 42 U.S.C. § 405(g), the "court shall have [the] power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." In a remand pursuant to 42 U.S.C. § 405(g), the appropriate procedure is for a court to enter a final judgment in the claimant's favor. *Shalala v. Schaefer*, 509 U.S. 292, 296–97 (1993); *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996).

Based on the record and the parties' agreement that Plaintiff is entitled to a de novo hearing, it is ORDERED that:

1. The Commissioner's unopposed motion to remand (Doc. 16) is GRANTED.

2. The Clerk is directed to enter judgment for Plaintiff with instructions that the Commissioner's decision is REVERSED under sentence four of 42 U.S.C. § 405(g) and the case is REMANDED for further administrative proceedings consistent with this order.

3. The Clerk is directed to close the case.

ORDERED, in Tampa, Florida on May 13, 2024.

NATALIE HIRT ADAMS
United States Magistrate Judge